UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:20-CR-00074-2-JRG-CRW |
| | ) | |
| CHARLES PHELPS | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Charles Phelps' Objections to Report and Recommendation [Doc. 93] and the United States' Response [Doc. 100]. For the reasons herein, the Court will overrule Mr. Phelps' objections.

### I. BACKGROUND

In September 2020, the United States Attorney's Office for the Eastern District of Tennessee indicted Mr. Phelps on multiple counts, including alleged conspiracies to distribute methamphetamine in violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and to launder proceeds of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i). [Indictment, Doc. 3, at 1–4].[1] Following his arrest in Nashville, Tennessee, Mr. Phelps appeared before the Honorable Alistair E. Newbern, United States Magistrate Judge for the United States District Court for the Middle District of Tennessee. Judge Newbern held a detention hearing, declined to detain Mr. Phelps pending trial, and ordered his pretrial release with special conditions. *See* [Order, Doc. 27-2, at 1].

The United States appealed Judge Newbern's decision to this Court under 18 U.S.C. § 3145(a)(1), (c), requesting an emergency stay and review of Judge Newbern's order. [United

---

[1] The indictment also includes forfeiture allegations, under which the United States seeks the forfeiture of real property and a money judgment. [Indictment at 2–5].

States' Mot. for Review & Stay, Doc. 27]. The Court granted the United States' request for a stay and referred its request for a review of Judge Newbern's order to the Honorable Cynthia R. Wyrick, United States Magistrate Judge for the United States District Court for the Eastern District of Tennessee [Orders, Docs. 34 & 38].[2] Having recently completed her review of Judge Newbern's order, Judge Wyrick entered a report and recommendation [Doc. 91], in which she recommends the Court grant the United States' request for revocation of Judge Newbern's order and detain Mr. Phelps pending trial. Mr. Phelps has timely objected to Judge Wyrick's report and recommendation on multiple grounds. Neither party, however, objects to Judge Wyrick's recitation of this case's background or to her summary of the evidence, and the Court therefore adopts those portions of Judge Wyrick's report and recommendation as if fully set forth herein.

## II. LEGAL STANDARD

In considering whether to detain a defendant pending trial, a magistrate judge must determine whether "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making this determination, the magistrate judge must review four factors: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence

---

[2] *See United States v. Moore*, No. 3:17-CR-86-RLJ-DCP, 2018 WL 1976481, at *8 n.2 (E.D. Tenn. Apr. 18, 2018) ("Although a magistrate judge cannot review another magistrate judge's decision to release a defendant, a district judge may refer the government's motion to revoke a release order to a magistrate judge for report and recommendation." (citation omitted)); *United States v. Shaw*, No. 5:17-CR-26-KKC-REW, 2017 WL 5711438, at *1, 2 (E.D. Ky. Nov. 7, 2017) ("[W]here a magistrate judge in the arresting District ordered Defendant released pretrial, and the presiding district judge in the charging District stayed that release order," nothing precludes the district judge from "referring the . . . Government's motion to revoke . . . to the [magistrate judge] for a recommended disposition, as the [district judge] has validly done here." (citation omitted)), *adopted by*, No. 5:17-CR-KKC-REW, 2017 WL 5710443 (E.D. Ky Nov. 27, 2017); *United States v. Ross*, No. 1:05-CR-160, 2007 WL 1295995, at *2 (W.D. Mich. Apr. 6, 2007) ("[T]here appears to be absolutely no reason why the district judge conducting the review cannot initially refer the review to a magistrate judge in his own district on a report and recommendation basis. The statute does not prohibit it, and addressing the issue of detention is hardly foreign territory to a magistrate judge since it is one of a magistrate judge's core responsibilities.").

2

against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger that the defendant's release would pose to any person or the community. *Id.* § 3142(g)(1)–(4).

A defendant may contest a magistrate judge's detention order under 18 U.S.C. § 3145(b), which states:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). A motion for the revocation of a detention order is tantamount to an interlocutory appeal under Federal Rule of Criminal Procedure 58(g)(2)(A). *United States v. Hernandez*, No. 1:02–CR–006, 2002 WL 1377911, at *3 (E.D. Tenn. Feb. 27, 2002). The Court has license to grant Mr. Phelps the relief he requests. *See* E.D. Tenn. L.R. 72.4(b) ("In those cases where an interlocutory appeal is taken within 14 days as provided in Federal Rule of Criminal Procedure 58(g)(2)(A) . . . . [t]he district judge may . . . affirm, modify, or reverse the magistrate judge's decision or order, or remand the case to the magistrate judge for further proceedings."). A district court conducts a de novo review of a magistrate judge's detention order. *United States v. Romans*, No. 00–5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000); *United States v. Villegas*, No. 3:11–CR–28, 2011 WL 1135018, at *4 (E.D. Tenn. Mar. 25, 2011); *United States v. Yamini*, 91 F. Supp. 2d 1125, 1128 (S.D. Ohio 2000). A de novo review requires the district court "to give fresh consideration" to the issues before it. *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quotation omitted).

### III. ANALYSIS

Mr. Phelps raises three objections to Judge Wyrick's report and recommendation. First, he objects to the "governing law." [Def.'s Objs. at 3]. With this objection, Mr. Phelps appears to argue that Judge Wyrick, unlike Judge Newbern, did not identify the United States as the party with the "burden of proving flight risk by a preponderance of the evidence and danger to any person or the community by clear and convincing evidence." [Def.'s Objs. at 3]; *see United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) ("The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." (citations omitted)). Judge Wyrick, however, properly recognized the United States as the party with burden of proving risk of flight by a preponderance of the evidence and dangerousness by clear and convincing evidence. *See* [R&R at 14, 17].

Second, Mr. Phelps argues that Judge Wyrick erred because she did not grant pretrial release despite determining that he had overcome 18 U.S.C. § 3142(e)(3)(A)'s rebuttable presumption. [Def.'s Objs. at 4].[3] This argument alone does not amount to much because even when a defendant does rebut the presumption under § 3142(e)(3)(A), he is not automatically entitled to pretrial release. *Cf. United States v. Hill*, No. 96-5914, 1996 WL 466686, at *2 (6th Cir. Aug. 15, 1996) ("[E]ven if the defendant comes forward with evidence to rebut the presumption, 'the presumption does not disappear, but remains a factor for consideration in the ultimate release or detention determination.' If the defendant successfully rebuts the § 3148 presumption, then the court must look to § 3142 to determine if conditions of release are

---

[3] When a defendant is charged with any of the offenses in 18 U.S.C. § 3142(e)(3), it creates a rebuttable presumption that no conditions of release will reasonably assure his appearance or protect the community. 18 U.S.C. § 3142(e)(3).

4

appropriate." (quotation and citation omitted)); *see United States v. Williams*, 948 F. Supp. 692, 693 (E.D. Mich. 1996) ("[E]ven if the defendant rebuts the presumption, the presumption is not eradicated[.]" (citation omitted)); *see also United States v. Johnson*, No. 19-cr-20437-01, 2020 WL 1474397, at *3 (E.D. Mich. Mar. 26, 2020) ("Even if [the defendant] had overcome the presumption in favor of detention, the Court would still not grant his motions and revoke the Detention Order. That's because under the applicable Section 3142(g) factors, pretrial detention is still warranted here.").

Mr. Phelps, however, also asserts that Judge Wyrick erred by determining that he was not entitled to release under § 3142(g)'s factors. [Def.'s Objs. at 4–6]. Specifically, he contends that "[t]he United States did not meet its burden of proving by clear and convincing evidence that [he] would pose a danger if released on conditions" and that "[t]he United States did not meet its burden of proving by a preponderance of the evidence that [he] was a flight risk." [*Id.* at 5, 6]. Despite Mr. Phelps' assertions, Judge Wyrick rightly concluded that the United States, by a preponderance of the evidence, established Mr. Phelps poses a risk of flight.

"Pretrial detention can be ordered based on a judicial finding of either substantial danger to the community or risk of flight; only one is required." *Hernandez*, 2002 WL 1377911 at *3 (citations omitted); *see United States v. You*, No. 20-5390, 2020 WL 3867421, at *2–3 (6th Cir. May 15, 2020) (ordering the defendant's detention pending trial based on a determination that she was a flight risk). When determining whether a defendant is a flight risk, the Court's review of the evidence goes only to the likelihood that the defendant will pose a risk of flight, not to a pretrial determination of guilt. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010).

The nature and circumstances of Mr. Phelps' alleged offenses are serious, *see id.* at 947 n.6 ("To be sure, drug trafficking is a serious offense[.]" (citations omitted)), and if convicted

5

of them, he faces a mandatory-minimum sentence of ten years' imprisonment under 21 U.S.C. § 841(b)(1)(A) and up to twenty years' imprisonment under 18 U.S.C. § 1956(h). Also, "[f]or obvious reasons, drug dealers are more likely than ordinary citizens to keep large quantities of cash," *Taylor v. United States*, 136 S. Ct. 2074, 2078 (2016), the possession of which creates a heightened risk of flight, *see United States v. Johnson*, No. 5:19-177-DCR, 2019 WL 7040618, at *2 (E.D. Ky. Dec. 20, 2019) ("[T]he United States offered photographs of the defendant with a substantial sums of cash, which underscores the defendant's ability to flee if he is released."); *cf. You*, 2020 WL 3867421 at *2 (determining that the defendant was a fight risk partly because she had "hundreds of thousands in savings"). In this vein, authorities found $119,000 in Mr. Phelps' vehicle's spare tire, and the United States represented that Mr. Phelps admitted he was traveling to Arizona to purchase methamphetamine with the money. [R&R at 2–3]. By proffer,[4] the United States also stated Mr. Phelps is a high-ranking member of the Aryan Brotherhood—third in command, in fact—takes orders directly from the Aryan Brotherhood's leader, and is involved in drug trafficking for that organization. [*Id.* at 4, 10].[5] Judge Wyrick also noted Mr. Phelps has "links to members within the Aryan Brotherhood and drug trafficking organizations around the country." [R&R at 10]. In sum, the record shows that Mr. Phelps faces the prospect of a potentially lengthy prison sentence, that he has had access to large amounts of cash, and that he has high-level ties to nefarious organizations throughout the country—all of which, without any question, establishes by preponderance of the evidence that he has "the motive, means, and a place to flee." *You*, 2020 WL 3867421 at *2 (citation omitted).

---

[4] "The government may proceed in a detention hearing by proffer or hearsay." *United States v. Webb*, No. 00-6368, 2000 WL 1721060, at *2 (6th Cir. Nov. 6, 2000) (citation omitted).

[5] According to the United States, Mr. Phelps personally delivers drugs to detention facilities and to other gangs, and he also travels to the western United States to package drugs for delivery. [R&R at 10].

6

Although Judge Newbern believed that certain conditions—i.e., the placement of Mr. Phelps on home confinement and designation of Mr. Phelps' wife as a third-party custodian—abated Mr. Phelps' risk of of flight, Judge Wyrick did not agree that these conditions mitigated that risk to any significant degree. Ms. Phelps testified that neither she nor Mr. Phelps used drugs in their home, but the United States proffered that agents smelled marijuana in the home when they arrested Mr. Phelps, and Mr. Phelps admitted that he is a drug user. [R&R at 9–10]. Also, although Ms. Phelps "denied knowing why Defendant was headed out west on the day of his arrest," Mr. Phelps "told agents that there were drugs in the home and his wife was aware of his drug trafficking." [*Id.* at 15–16]. Based on all this evidence, Judge Wyrick did not find Ms. Phelps' testimony to be credible, a determination that she was free to make. *See United States v. Stefaniak*, No. 3:03-CR-156, 2005 WL 2030663, at \*11 (E.D. Tenn. Aug. 23, 2005) ("The Court finds [the magistrate judge's] factual and credibility determinations about defendants following lengthy detention hearings to be particularly instructive on these factors."). In sum, Judge Wyrick concluded that Ms. Phelps was not suitable for the role of third-party custodian:

> It appears that Ms. Phelps either knowingly acquiesced to Defendant trafficking large quantities of drugs or was unable to identify the signs that Defendant was engaged in this activity. Neither scenario provides the Court with sufficient comfort that she could or would report any violation of conditions by Defendant.

[R&R at 16].

The Court agrees entirely with Judge Wyrick's analysis, and it adds only one further point as to why Ms. Phelps' status as a third-party custodian would make the Court ill at ease. Ms. Phelps testified that "she believed [her husband] was on his way to buy a car hauler" in Arizona "rather than to purchase methamphetamine." [R&R at 5]. Even if the Court were to believe her testimony, it could easily infer, if not conclude, from it that Mr. Phelps is practiced in deceiving his wife—a scenario that does not speak to Ms. Phelps' ability to conduct any type

7

of meaningful oversight over her husband. In sum, based on the evidence of drug use in the Phelps' home and the evidence showing that Ms. Phelps is not a reliable third-party custodian, the Court concludes, by a preponderance of the evidence, that Mr. Phelps' home confinement and Ms. Phelps' designation as a third-party custodian are not conditions that "will reasonably assure the appearance of [Mr. Phelps] as required." 18 U.S.C. § 3142(e)(1).

Lastly, the Court would be remiss if it did not mention that Mr. Phelps, in challenging Judge Wyrick's report and recommendation, has not cited a single case in support of his cause. The Court has no reason to disturb Judge Wyrick's thoughtful and carefully crafted analysis without some kind of legal support to show that she erred. The absence of this support is in and of itself all but fatal to Mr. Phelps' objections. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)); *see also* E.D. Tenn. L.R. 7.1(b) (stating that a party's legal brief "shall include the factual and legal grounds which justify the ruling sought from the Court").

## IV. CONCLUSION

Having conducted a de novo review of the record, the Court agrees with Judge Wyrick's recommendation, and Mr. Phelps' objections [Doc. 93] are therefore **OVERRULED**. The Court **ACCEPTS IN WHOLE** the report and recommendation [Doc. 91] under 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(a). For the reasons in the report and recommendation, which the Court adopts and incorporates into this Order, the United States' Motion for Review of Release Order [Doc. 27] is **GRANTED**, and Mr. Phelps is hereby **ORDERED** to remain detained pending trial.

So ordered.

ENTER:

                                          s/J. RONNIE GREER
                                 UNITED STATES DISTRICT JUDGE